SCOTT N. SCHOOLS (SC 9990)
United States Attorney
JOANN M. SWANSON (CSBN 88143)
Chief, Civil Division
MELANIE L. PROCTOR (CSBN 228971)
Melanie.Proctor@usdoj.gov
Assistant United States Attorney

    450 Golden Gate Avenue, Box 36055
    San Francisco, California 94102-3495
    Telephone: (415) 436-6730
    FAX: (415) 436-6927

Attorneys for Defendants

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| TAHSIN ALSHAHIN, | No. C 07-5092 EMC |
|     Plaintiff, | |
| v. | ANSWER TO COMPLAINT |
| MICHAEL CHERTOFF, in his Official Capacity, Secretary, United States Department of Homeland Security; MICHAEL B. MUKASEY,* in his Official Capacity, Acting Attorney General, U.S. Department of Justice; DAVID N. STILL, in his Official Capacity, District Director, United States Citizenship and Immigration Services; EMILIO GONZALEZ, in his Official Capacity, Director, Bureau of Citizenship and Immigration Services, | |
|     Defendants. | |

    The Defendants hereby submit their answer to Plaintiff's Complaint in the Nature of Mandamus and for other Injunctive Relief.

**JURISDICTION AND VENUE**

    1.    Paragraph One consists of Plaintiff's characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants

---

*Pursuant to Fed. R. Civ. P. 25(d)(1), Michael B. Mukasey is substituted for his predecessor, Alberto Gonzales, as the United States Attorney General.

ANSWER
C 07-5092 EMC

1 | deny the allegations therein.

2. Defendants admit the allegations in Paragraph Two.

3. Defendants deny the allegations in Paragraph Three.

4. Defendants admit the allegations in Paragraph Four.

5. Paragraph Five consists of Plaintiff's allegations regarding venue, to which no responsive pleading is required.

**PARTIES**

6. Defendants deny the allegations in Paragraph Six.

7. Defendants admit the allegations in Paragraph Seven, with the exception of the second part of the first sentence. Defendants deny that Peter D. Keisler is the Attorney General of the United States.

**FACTS**

8. Defendants admit the allegations in Paragraph Eight.

9. Defendants admit the allegations in Paragraph Nine.

10. Defendants admit the allegations in Paragraph Ten.

11. Defendants admit the allegations in Paragraph Eleven.

12. Defendants admit the allegations in Paragraph Twelve.

13. Defendants admit the allegations in Paragraph Thirteen.

14. Defendants admit the allegations in Paragraph Fourteen.

15. Defendants admit the allegations in Paragraph Fifteen.

16. Paragraph Sixteen consists of Plaintiff's characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny the allegations therein.

17. Paragraph Seventeen consists of Plaintiff's characterizations of this action for which no answer is necessary; however, to the extent a response is deemed to be required, the Defendants deny the allegations therein.

18. Defendants admit that Plaintiff's wife is a United States citizen; however, Defendants are without sufficient information to admit or deny the status of Plaintiff's son. Defendants are

without sufficient information to admit or deny to admit the remaining allegations in this paragraph.

19.   Defendants are without sufficient information to admit or deny the allegations in Paragraph Nineteen, and on that basis, deny them.

20.   Defendants are without sufficient information to admit or deny the allegations in Paragraph Twenty, and on that basis, deny them.

**CLAIMS**

21.   Defendants deny the allegations in Paragraph Twenty-One.

22.   Defendants deny the allegations in Paragraph Twenty-Two.

23.   Defendants deny the allegations in Paragraph Twenty-Three.

The remaining allegations consists of Plaintiff's prayer for relief, to which no admission or denial is required; to the extent a responsive pleading is deemed to be required, Defendants deny these paragraphs.

**FIRST AFFIRMATIVE DEFENSE**

The Court lacks jurisdiction over the subject matter of this action

**SECOND AFFIRMATIVE DEFENSE**

The Complaint fails to state a claim against the Defendants upon which relief can be granted.

**THIRD AFFIRMATIVE DEFENSE**

No acts or omissions by the United States or its employees were the proximate cause of any injury or damages to the Plaintiff.

**FOURTH AFFIRMATIVE DEFENSE**

At all times alleged in the Complaint, Defendants were acting with good faith, with justification, and pursuant to authority.

**FIFTH AFFIRMATIVE DEFENSE**

The Defendants are processing the applications referred to in the Complaint to the extent possible at this time. Accordingly, no relief as prayed for is warranted.

///

///

///

WHEREFORE, Defendants pray for relief as follows:

That judgment be entered for Defendants and against Plaintiff, dismissing Plaintiff's Complaint with prejudice; that Plaintiff takes nothing; and that the Court grant such further relief as it deems just and proper under the circumstances.

Dated: December 3, 2007                    Respectfully submitted,

SCOTT N. SCHOOLS
United States Attorney

          /s/
MELANIE L. PROCTOR
Assistant United States Attorney
Attorneys for Defendants